IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHNNY ROCKETS, INC.<br>Plaintiff<br>vs<br>DDR DEL SOL LLC, S.E.<br>Defendant/Third-Party Plaintiff<br>vs<br>CARLOS A. GARCIA-PEREZ, JANE DOE and the conjugal partnership constituted between them<br>Third-Party Defendants | CIVIL 10-2062CCC |

**OPINION AND ORDER**

Before the Court is third-party defendants Carlos A. García-Pérez ("García-Pérez") and the García-Baerga Conjugal Partnership's motion to dismiss for lack of personal jurisdiction (**docket entry 51**), defendant/third-party plaintiff DDR del Sol LLC, S.E.'s ("DDR del Sol") opposition thereto (docket entry 57), and a reply filed by García-Pérez and the García-Baerga Conjugal Partnership (docket entry 75).

This case was originally filed by plaintiff Johnny Rockets of Puerto Rico, Inc. ("Johnny Rockets") against DDR del Sol before the Puerto Rico Commonwealth Court of First Instance, Bayamón Division. DDR del Sol removed the case to this Court (docket entry 1) and, after answering the complaint (docket entry 4), filed a Third-Party Complaint against García-Pérez, Jane Doe, and the Conjugal Partnership García-Doe based upon an alleged guaranty agreement executed by Mr. García-Pérez (docket entry 5). The Third-Party Complaint was amended on September 15, 2011 to substitute Mrs. Gisela Baerga for Jane Doe (docket entry 45). An order staying the proceedings in the original action between Johnny Rockets and DDR del Sol was entered after Johnny Rockets filed a bankruptcy

CIVIL 10-2062CCC                                         2

petition before the United States Bankruptcy Court for the District of Puerto Rico on March 15, 2011 (docket entries 30 and 46).

In their motion to dismiss, García-Pérez and the García-Baerga Conjugal Partnership contend that the parties to the guaranty agreement stipulated in it that the courts of Puerto Rico would be the exclusive forum to enforce the terms of the guaranty contract, and now request dismissal of the Third-Party Amended Complaint based on said stipulation. A copy of the Guaranty Agreement was included with the motion to dismiss (docket entry 51). In its opposition, however, DDR del Sol claims that the forum selection clause reference to the "courts of Puerto Rico" should be read to include the United States District Court for the District of Puerto Rico (docket entry 57).

**I.   LEGAL STANDARD FOR A MOTION TO DISMISS BASED ON A FORUM SELECTION CLAUSE**

In the First Circuit, a request for dismissal based on a forum-selection clause is analyzed using the firmly established Fed. R. Civ. P. 12(b)(6) standards and may be raised at any time in the proceedings before disposition of the case. Silva v. Encyclopedia Britannica, Inc., 235 F.3d 385, 388 (1st Cir. 2001); Rivera v. Centro Médico del Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). When the document which contains the forum selection clause is not included in the complaint and is first introduced in the motion to dismiss, the Court can still consider the motion under Rule 12(b)(6) if the authenticity of the document is not disputed by the parties. Rivera v. Centro Médico del Turabo, Inc., *supra*. In this case, the parties have not raised any controversy regarding the authenticity of the guaranty contract where the forum selection clause at issue is contained. The Third-Party Amended Complaint, in fact, is strictly based on the enforcement of said guaranty contract entered into between the third-party plaintiff and the third-party defendants. Consequently, although copy of the Guaranty was first introduced by the third-party defendants in their motion to dismiss, the Court may still consider said motion under the standards of Fed. Rule of Civil Procedure 12(b)(6) and need not convert it into a summary judgment motion.

CIVIL 10-2062CCC                                  3

Under Fed. Rule of Civil Procedure 12(b)(6), "the district court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico del Turabo, Inc., *supra* (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). To survive a motion to dismiss, the plaintiff must allege in the complaint sufficient facts to demonstrate a plausible entitlement to relief. Hill v. Gozani, 638 F.3d 40 (1st Cir. 2011).

## II.     THE FORUM SELECTION CLAUSE

As noted above, the Third-Party Amended Complaint filed by DDR del Sol against the third-party defendants is premised on a guaranty agreement executed on January 26, 2004 between Mr. Carlos A. García-Pérez and CPR del Sol, L.P., S.E. (the predecessor in interest of DDR del Sol). The Guaranty was executed with the purpose of guaranteeing the obligations of Johnny Rockets of Puerto Rico, Inc. under a lease agreement executed with CPR del Sol, L.P., S.E. on February 3, 2004 to occupy certain premises within the Plaza del Sol Shopping Center (docket entry 45).

With respect to the forum where disputes shall be dealt with, the guaranty agreement specifically provides as follows:

> *The Lease and this Guaranty shall be governed by, interpreted under the laws of, and enforced in the courts of Puerto Rico.*

Because this suit was removed to this Court based on diversity of citizenship, it raises the unsettled issue of whether to treat forum-selection clauses as substantive (and apply state law) or procedural (and apply federal law) under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). However, since "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses," federal common law can be applied. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 n.1 (1st Cir. 2001). See also Rafael Rodríguez Barril, Inc. v. Conbraco Indus., 619 F.3d 90, 92 (1st Cir. 2010); Rivera v. Centro Médico del Turabo, Inc., *supra*.

CIVIL 10-2062CCC							4

Under federal law, "the threshold question in interpreting a forum-selection clause is whether the clause is permissive or mandatory." Rivera v. Centro Médico del Turabo, *supra*. In determining whether a forum selection clause is mandatory or permissive, the courts analyze the particular language of the clause. "A permissive forum-selection clause, often described as a 'consent to jurisdiction' clause, authorizes jurisdiction and venue in a designated forum, but do[es] not prohibit litigation elsewhere . . . [i]n contrast, [a] mandatory forum selection clause [...] contain[s] clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Id. Of course, even if a clause is mandatory, it "merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." Silva, 239 F.3d at 388, n. 6. It does not, however, divest a court of jurisdiction that it otherwise retains. Id.

It has been held by the Court of Appeals for the First Circuit that "[t]he parties' choice of the word 'will' --a word commonly having the mandatory sense of 'shall' or 'must'-- demonstrates their exclusive commitment to the [...] named forums. Most succinctly, the plain meaning of the phrase 'will be submitted' is that the course of action is required, not discretionary." Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001) (holding that term in contract providing that parties "will submit" their dispute to a specified forum implied the exclusion of all other forums). Similarly, in Silva, the First Circuit Court of Appeals interpreted the following forum-selection clause: "This agreement shall be governed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois." The Court found that the word "'must' expresse[d] the parties intention to make the courts of Illinois the exclusive forum for disputes arising under the contract," id., at 389, and concluded that the forum-selection clause was mandatory.

The contract in this case provides that the agreement "shall be governed by, interpreted under the laws of, and enforced in the courts of Puerto Rico." As in Silva, the

CIVIL 10-2062CCC                                             5

forum selection clause in the guaranty contract is mandatory since by making reference to parallel structures (governed by, interpreted under the laws of, and enforced in the courts of Puerto Rico) following the word "shall," the parties selected a language that demonstrates their exclusive submission to the laws and the courts of the Commonwealth of Puerto Rico, with the exclusion of all other forums.  Hence, the Court holds that the forum selection clause in the Guaranty is a mandatory clause.  See also LFC Lessors v. Pacific Sewer Maintenance Corp., 739 F.2d 4 (1st Cir. 1984) (holding that the language "shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts" constituted a mandatory forum selection clause); Nascone v. Spudnuts, Inc., 735 F.2d 763, 765 (3d Cir. 1984) (holding that the language "venue for any proceeding . . . shall be Salt Lake County, State of Utah," constituted a mandatory forum selection clause); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1345-46 (10th Cir. 1992) (holding that the language "venue shall be proper under this agreement in Johnson County, Kansas" constituted a mandatory forum selection clause).

　　　"A mandatory forum selection clause carries a 'strong presumption of enforceability'." Rivera v. Centro Médico de Turabo, Inc., *supra*.  "It is well established that forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.  More specifically, a forum selection clause should be enforced unless the resisting party can show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  DDR del Sol has not challenged the validity of the forum selection clause in the guaranty contract, neither has it made any argument to hold that its enforcement would be unreasonable and unjust, or that

CIVIL 10-2062CCC                              6

it contravenes public policy.  Hence, the forum selection clause should be enforced according to its terms.

In opposing the motion to dismiss filed by García-Pérez and the García-Baerga Conjugal Partnership, DDR del Sol avers that the phrase "courts of Puerto Rico" included in the forum selection clause should be interpreted to include the United States District Court sitting in Puerto Rico.  This interpretation, however, runs contrary to the previous decisions of the Court of Appeals for the First Circuit and to the majority view in the federal courts. See LFC Lessors v. Pacific Sewer Maintenance Corp., *supra*.  ("The phrase 'courts of Massachusetts' . . . was intended to mean that all actions on [the] contract must be brought in the Massachusetts state courts.")  See also Portfolio Management Group, LLC v. Bitach Fund I, LLC, 2010 U.S. Dist. LEXIS 18698 (U.S.D.C. Minnesota 2010) (holding that the phrase "courts of a particular state" "unambiguously refers only to that state's courts, not to federal courts sitting within the boundaries of that state."); Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 926 (10th Cir. 2005) ("[T]he federal court located in Colorado is not a court of the State of Colorado but rather a court of the United States of America. "); Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) (*per curiam*) ("Federal district courts may be in Texas, but they are not of Texas."); Piechur v. Redbox Automated Retail, LLC, 2010 U.S. Dist. LEXIS 16324 (S.D. Ill. Feb. 24, 2010) ("[T]he exclusive jurisdiction specified in Redbox's forum selection clause is the Illinois state court system, which does not include the United States District Court for the Southern District of Illinois. The Terms of Use provide for the exclusive jurisdiction of 'the courts of the state of Illinois.' This Court, while it may sit in the state of Illinois, is not a court of the state of Illinois . . ."); Huhtamaki Co. Mfg. v. CKF, Inc., 648 F. Supp. 2d 167, 180 (D. Me. 2009) ("[T]he reference to the 'Courts of Maine' [in a forum-selection clause] is a literal and unambiguous reference to the Maine state courts and does not reasonably extend to courts of the United States. The distinction between the two jurisdictions is clear and of great significance in our federal

CIVIL 10-2062CCC					7

system of government. A party drafting a forum-selection clause should immediately recognize the shortcoming of language such as this if the intention is to include the federal district court geographically situated in the state as an agreed-to forum, for the United States District Court is not a court 'of Maine' even if it is geographically situated in Maine."); Mfg. & Mktg. Concepts, Inc. v. S. Cal. Carbide, 920 F. Supp. 116, 119 (N.D. Ill. 1996) ("The court finds that the term 'an Illinois court' [in a forum-selection clause] plainly means an Illinois state court. The United States District Court for the Northern District of Illinois is not 'an Illinois court;' it is a federal court.").

Finally, the Court notes and gives special attention to the fact that the language of the forum selection clause in the case of LFC Lessors, where the Court of Appeals for the First Circuit concluded that the reference to the state courts of Massachusetts did not include the federal courts, was very similar to the language of the forum selection clause in the guaranty contract in this case. In pertinent part, the clause in LFC Lessors provided as follows: "This Agreement [...] shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." LFC Lessors v. Pacific Sewer Maintenance Corp., *supra*, at page 4. As the Court of Appeals did in LFC Lessors, we conclude that the phrase "courts of Puerto Rico" in the Guaranty contract between García-Pérez and DDR del Sol refers only to the courts of the Commonwealth of Puerto Rico, and not to this United States District Court sitting within the boundaries of Puerto Rico.  Since the parties to the guaranty contract selected the courts of the Commonwealth of Puerto Rico as the exclusive forum to enforce the terms of the Guaranty, excluding the United States District Court sitting in Puerto Rico, their agreement should be enforced accordingly.

CIVIL 10-2062CCC						8

### III.	CONCLUSION

In conclusion, for the reasons stated herein, third-party defendants' motion to dismiss (**docket entry 51**) is GRANTED.  Accordingly, the Court will enter Judgment dismissing without prejudice the Third-Party Amended Complaint against the third-party defendants.

SO ORDERED.

At San Juan, Puerto Rico, on January 31, 2012.


								S/CARMEN CONSUELO CEREZO
								United States District Judge